United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:

John F. Clark and
Dorothy M. Clark,
    Debtors.
_____/

Case No. 08-53620
Chapter 13
Hon. Steven Rhodes

Opinion and Order Regarding Application For Compensation
Filed By the Debtors' Attorney

Weik and Associates, P.C., the attorney for the debtors, John and Dorothy Clark, has filed an application seeking approval of fees in the amount of $13,447.43, plus expenses of $327.14. The Clarks filed objections (through new counsel). The trustee and a creditor, Scott Bryce, also filed objections. The applicant agreed to the reductions that the trustee requested in the amount of $1,356.00. The Court overruled Bryce's objections. The Clarks' objections were the subject of two hearings.

The Clarks object on several grounds. First, the Clarks assert that the fee application violates the parties' fee agreement. The Clarks assert that the fee agreement calls for a flat fee of $3,000.00 for services performed through confirmation ("the base fee"). Instead, the application charges an hourly rate for all services. Second, the Clarks assert that the services provided no benefit to them since the case was ultimately dismissed. Third, the Clarks assert that because so many professionals in the attorney's office provided services, there was an inherent inefficiency in the services provided. Fourth, the Clarks assert that many of the time entries in the application are excessive for the services performed, or are for clerical rather than legal services.

The applicant maintains that, as adjusted pursuant to the trustee's objections, the fees are

reasonable and should be awarded.

## I.  The Objection Under the Fee Agreement

The fee agreement between the parties, as disclosed in the Statement of Attorney Compensation for Debtor(s) Pursuant to F.B.R. 2016(b), states in paragraph 2 that for legal services rendered the compensation will be $3,000.00.  Paragraph 4 further provides that this fee includes analysis of the debtor's financial situation, rendering advice on whether to file a bankruptcy petition, preparation of the necessary bankruptcy papers, and representation at one meeting of creditors and one confirmation hearing.  Paragraph 5 identifies certain services that are excluded from the base fee, such as adversary proceedings, motions, research time, appeals, post-confirmation plan modifications, costs incurred relating to post-confirmation services, and post-confirmation monitoring.

At the first hearing on this fee application, the Court found that the parties' fee agreement was ambiguous because there were services performed that were neither included in the base fee by the  language of paragraph 4 nor excluded from the base fee by paragraph 5.  The Court further held that any ambiguity in the fee agreement should be construed against the attorney because the attorney drafted the agreement, and because the attorney was in full control of its terms and conditions.  *In re Palladino*, 267 B.R. 825, 832 (Bankr. N.D. Ill. 2001); *In re Dickinson*, 185 B.R. 840, 843 (Bankr. D. Colo. 1995).  *See also Royal Ins. Co. Of America v. Orient Overseas*, *Container Line Ltd.*, 525 F.3d 409, 636 (6th Cir. 2008) (It is a broad "principle that ambiguities in contracts should be construed against the drafter.").  Accordingly, the Court asked the attorney to identify specifically those time entries that should be included in the base fee, applying the Court's direction.

The applicant did so, and that accounting was the subject of the second hearing.

Pursuant to L.B.R. 2016-1, the applicant's time statement in the fee application is segregated into project categories: case administration; chapter 13 plan; 341 meeting and 2004 exam; claims administration; motions (identified in the application as "MFR, MTE, MTI, AP"); adversary proceedings; and fee application.

In the categories for case administration and chapter 13 plan, the Court concludes that the parties' agreement clearly enough provides that the attorney is entitled to an hourly fee for services after the first confirmation hearing. That hearing was held on September 10, 2008. In the category of case administration, the application seeks a total of $4,189.50, of which $1,899.50 was through September 10, 2008, and $2,290.00 was thereafter. The Court concludes that only the fees incurred after September 10, 2008 can be billed separately from the base fee.

In the category for "chapter 13 plan," the applicant seeks $2,071.00, of which $646.00 was through September 10, 2008 and $1,425.00 was thereafter. Only the fees after September 10, 2008 can be billed separately from the base fee.

In the category for "341 meeting and 2004 exam," the fee is $286.00. All of that was for the meeting of creditors; there was no 2004 exam. All of this must be included in the base fee.

In the category for "claims administration," the fee is $1,575.00. This category is neither explicitly included in the base fee nor explicitly excluded from it by paragraph 5. Accordingly, resolving this ambiguity against the attorney, the Court concludes that it must be included in the base fee.

In the category for "motions," the fee is $2,246.00, for prosecuting a motion to extend the stay, for defending Bryce's motion for relief from stay, and for deciding not to respond to another

3

creditor's motion for relief from the stay. Under paragraph 5 of the parties' agreement, these fees are explicitly excluded from the base fee.

In the category for "adversary proceedings," the fee is $2,424.00. Under paragraph 5 of the parties' agreement, these fees are also explicitly excluded from the base fee.

In the category for "fee application," the fees are $655.93. This category is neither explicitly included in the base fee nor explicitly excluded from it by paragraph 5. Accordingly, resolving this ambiguity against the attorney, the Court concludes that it must be included in the base fee.

Based on this objection, the fees for services that should have been included in the $3,000.00 base fee are $5,062.43. Accordingly, the fee request will be reduced by $2,062.43.

## II. The Objection That There Was No Benefit to the Debtors

The Clarks object to any fee over $3,000.00 on the grounds that there was no benefit because the case was ultimately dismissed. Under 11 U.S.C. § 330(a)(4)(A)(ii)(I), the Court is required to consider whether the services were reasonably likely to benefit the Clarks' bankruptcy estate. The dismissal of the case, by itself, does not suggest that the attorney's services were not reasonably likely to benefit the estate, unless the attorney was a substantial cause of the dismissal, or unless the attorney reasonably should have known that the case would be dismissed. Nothing in the record suggests either circumstance here. Rather, it appears to the Court that the applicant represented the Clarks in the good faith and reasonable belief that the legal services performed would ultimately lead to confirmation of a chapter 13 plan. Accordingly, the Court concludes that this objection should be overruled.

4

### III. The Objection That So Many Professionals Resulted in an Inefficiency in the Attorney's Representation

The application shows that four attorneys and nine paraprofessionals worked on this chapter 13 case. However, most of the 67 hours of billed services were performed by attorney Sonya Goll (45.7 hours) and attorney Ed Gudeman (8.5 hours). No one else performed more than four hours of billed services. These circumstances do not suggest any substantial inefficiency of service. Accordingly this objection is overruled.

### IV. The Objection That the Time Was Excessive or for Clerical Services.

As noted, the applicant has already stipulated to substantial reductions for excessive time and for time billed for clerical services. Reductions totaling $285 are included in the reductions ordered in Part I. These are the reductions to which the applicant has agreed for services not included in the base fee:

    Case administration:
        Excessive time:
            $75.00 (December 9, 2008, first entry)
            $75.00 (December 9, 2008, fourth entry)
            $50.00 (December 10, 2008, fourth entry)
        Clerical services:
            $25.00 (October 3, 2008)
            $25.00 (October 10, 2008, fourth entry)
            $25.00 (November 10, 2008, first entry)
            $7.00 (November 14, 2008)
            $25.00 (December 19, 2008, second entry)

    Chapter 13 plan:
        Excessive time:
            $50.00 (October 24, 2008)
        Clerical services:
            $50.00 (September 12, 2008)
            $25.00 (September 16, 2008)

5

08-53620-swr   Doc 127   Filed 05/20/09   Entered 05/20/09 13:15:18   Page 5 of 7

$50.00 (October 23, 2008, fourth entry)
$25.00 (October 23, 2008, seventh entry)
$25.00 (December 3, 2008, second entry)
$25.00 (December 19, 2008, first entry)

Motions:
Excessive time:
$264 (June 9 - June 26, 2008)

Adversary proceedings:
Excessive time:
$250.00 (August 14, 2008 and September 3, 2008, fourth entry)

Total = $1,071.00.

The Clarks specifically assert that the time expended on the adversary proceeding was excessive. The adversary proceeding was initiated by Bryce's three count complaint alleging the nondischargeability of a $78,000 debt under 11 U.S.C. § 523(a)(2), (4) and (6) relating to the funding of a construction project. The Clarks' attorney filed a substantive answer, a counterclaim and substantive affirmative defenses. Counsel also participated in a Rule 26(f) conference, as required. However, counsel failed to appear at the initial scheduling conference. Counsel did appear at the resulting show cause hearing, but does not seek compensation for that.

The Court concludes that apart from the agreed reduction for excessive time, no further reduction is warranted. Accordingly, the Clarks' objection is overruled.

## V. The Objection to the Costs

The Clarks object to the allowance of costs on the grounds that the only costs that they agreed in the fee agreement to pay are costs relating to post-confirmation services. The Court agrees that the fee agreement plainly so provides. Accordingly, this objection is sustained and the request

6

for costs is disallowed.

## VI. Conclusion

After a reduction of fees of $2,062.43, as provided in Part I above, and a reduction of fees of $1,071.00, as provided in Part IV above, fees are allowed in the amount of $10,314.00. After credit for a retainer of $426.00, the balance of the fees is $9,888.00. Costs are disallowed.

For Publication

**Signed on May 20, 2009**

                                                                   /s/ Steven Rhodes
                                                             **Steven Rhodes**
                                                             **United States Bankruptcy Judge**